IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
February 10, 2026 Session

## JAMIE CUNNINGHAM v. STATE OF TENNESSEE

Appeal from the Circuit Court for Grundy County
No. 3096      Justin C. Angel, Judge

_____

### No. M2025-00603-CCA-R3-ECN

_____

The Petitioner, Jamie Cunningham, appeals the Grundy County Circuit Court's summary dismissal of his untimely second amended petition for writ of error coram nobis. Based on our review, we affirm the judgment of the coram nobis court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN W. CAMPBELL, SR., J., delivered the opinion of the court, in which TIMOTHY L. EASTER and TOM GREENHOLTZ, JJ., joined.

Samuel F. Hudson, Dunlap, Tennessee, for the appellant, Jamie Cunningham.

Jonathan Skrmetti, Attorney General and Reporter; Elizabeth Evan, Assistant Attorney General; Courtney Lynch, District Attorney General; and Taffy A. Wilson and Steven H. Strain, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

## FACTS

In February 1997, the Petitioner shot and killed his father with a British Lee Enfield bolt action rifle while his father was lying on the living room couch. *State v. Cunningham*, No. M1999-01995-CCA-R3-CD, 2000 WL 1520247, at *1 (Tenn. Crim. App. Oct. 13, 2000), *perm. app. denied* (Tenn. Apr. 24, 2001). At the Petitioner's 1997 trial for first degree premeditated murder, the Petitioner claimed he was "provoked" to kill the victim because the victim sexually assaulted the Petitioner's girlfriend. *Id.* at *2. A Grundy County Jury convicted the Petitioner as charged. *Id.* at *6. He received a life sentence, and this court affirmed the conviction on direct appeal. *Id.* at *1.

On November 3, 2020, the Petitioner filed a pro se petition for writ of error coram nobis, claiming newly discovered evidence. The Petitioner attached an affidavit to his petition raising an issue related to a trial witness's testimony. The coram nobis court appointed counsel for the Petitioner on May 18, 2022. On November 18, 2022, the Petitioner filed an amended coram nobis petition, asserting that the one-year statute of limitations should be tolled because, due to his incarceration, he did not learn about the facts alleged in his pro se petition until "shortly before" February 6, 2020, and because he filed his pro se petition "as soon as practically possible."

On December 9, 2024, the Petitioner filed a second amended petition, which is the subject of this appeal. In the petition, the Petitioner alleged additional newly discovered evidence in the form of an affidavit from Carlise Cagle, who served on the jury at the Petitioner's trial. The Petitioner also alleged he was without fault in presenting the evidence at an earlier time due to his incarceration and his inability to contact jurors and discover the evidence.

The Petitioner attached Mr. Cagle's affidavit to the second amended petition. In the affidavit, Mr. Cagle stated as follows: He grew up with the Petitioner and knew the Petitioner and the victim very well. He also knew of the victim's violence toward the Petitioner and others and knew about the victim's alleged sexual assault of the Petitioner's girlfriend. Based on that knowledge, Mr. Cagle did not think before trial that the Petitioner committed first degree premeditated murder. Mr. Cagle disclosed his prior knowledge of the Petitioner and the victim during jury selection but was chosen as a juror anyway. After the jurors heard the evidence, they deliberated, and some of them did not think the Petitioner premeditated killing the victim. During deliberations, a court officer came into the jury room and said something to the effect of, "If you vote to convict the [Petitioner], it won't be for 1st degree murder, and he won't receive a life sentence." Shortly thereafter, the jury voted unanimously to convict the Petitioner. However, based on the court officer's statements, Mr. Cagle did not think he was convicting the Petitioner of first degree premeditated murder and did not think the Petitioner was guilty of that offense. At the time of Mr. Cagle's affidavit, he still did not think the Petitioner was guilty of first degree premeditated murder.

The State filed an answer and motion to dismiss the second amended petition, arguing that the Petitioner indisputably shot the victim and that he was not claiming actual innocence of the crime that would toll the statute of limitations as required by *Clardy v. State*, 691 S.W.3d 390 (Tenn. 2024). The State also argued that the Petitioner was unable to show he was without fault in failing to present the evidence at the proper time.

On March 3, 2025, the coram nobis court held a hearing to determine whether the Petitioner would receive an evidentiary hearing. Relevant to this appeal, the State

- 2 -

contended that because the Petitioner filed his second amended petition for writ of error coram nobis after the one-year statute of limitations expired, *Clardy* required that his claim of newly discovered evidence show clearly and convincingly that he was actually innocent of the underlying crime. The State asserted that Mr. Cagle's affidavit went to the issue of whether the Petitioner was guilty of a lesser-included offense, not actually innocent of first degree murder. The State also asserted that the Petitioner failed to show he was without fault in presenting the evidence at the proper time because Mr. Cagle knew the Petitioner's family, but the Petitioner did not learn of Mr. Cagle's concerns about the jury's deliberations for twenty-five years.

Reading from *Clardy*, coram nobis counsel responded that in order to toll the statute of limitations, a petitioner had to establish "clearly and convincingly that the petitioner is actually innocent of the underlying crime *of which he was convicted*." 691 S.W.3d at 407 (emphasis added). Counsel argued that because the underlying crime of which the Petitioner was convicted was first degree premeditated murder, the Petitioner only had to show he was actually innocent of first degree premeditated murder, not first degree premeditated murder and its lesser-included offenses. Coram nobis counsel stated that Mr. Cagle's affidavit, which established that at least one juror did not think the Petitioner was guilty of first degree premeditated murder, was clear and convincing evidence that the Petitioner was actually innocent of the underlying crime of which he was convicted. Coram nobis counsel advised the coram nobis court that Mr. Cagle was present at the hearing to testify for the Petitioner.

The coram nobis court agreed with the State that the statute of limitations should not be tolled because Mr. Cagle's affidavit was not clear and convincing proof of actual innocence of first degree premeditated murder under *Clardy*. On April 8, 2025, the coram nobis court entered a written order summarily dismissing the second amended petition for writ of error coram nobis.

## ANALYSIS

On appeal, the Petitioner challenges the coram nobis court's summary dismissal of his second amended coram nobis petition.[1] He claims that Mr. Cagle's affidavit, taken as true, demonstrated that he was entitled to equitable tolling of the statute of limitations by clearly and convincingly showing that he was actually innocent of first degree premeditated murder, the crime of which he was convicted. The State argues that the coram nobis court properly dismissed the petition without a hearing. We agree with the State.

---

[1] The Petitioner did not appeal his original petition for writ of error coram nobis concerning the affidavit of a trial witness and only proceeded on this claim arising from the juror affidavit.

- 3 -

A writ of error coram nobis is an extraordinary remedy by which the court may provide relief from a judgment under only narrow and limited circumstances. *State v. Mixon*, 983 S.W.2d 661, 666 (Tenn. 1999). Tennessee Code Annotated section 40-26-105 provides this remedy to criminal defendants:

> Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial . . . if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial . . . . The issue shall be tried by the court without the intervention of a jury, and if the decision be in favor of the petitioner, the judgment complained of shall be set aside and the defendant shall be granted a new trial in that cause.

Tenn. Code Ann. § 40-26-105(b), (c) (2025); *see State v. Vasques*, 221 S.W.3d 514, 525-28 (Tenn. 2007) (stating that the standard of review is "whether a reasonable basis exists for concluding that had the evidence been presented at trial, the result of the proceedings might have been different").

"In order to qualify as newly discovered evidence, the proffered evidence must be (a) evidence of facts existing, but not yet ascertained, at the time of the original trial, (b) admissible, and (c) credible." *Nunley v. State*, 552 S.W.3d 800, 816 (Tenn. 2018) (citation and internal quotation marks omitted). To be considered "without fault," the petitioner must show that "the exercise of reasonable diligence would not have led to a timely discovery of the new information." *Vasques*, 221 S.W.3d at 527.

A petition for a writ of error coram nobis must be filed within one year after the judgment becomes final. Tenn. Code Ann. § 27-7-103. For the purposes of coram nobis relief, a judgment becomes final thirty days after the entry of the judgment in the trial court if no post-trial motion is filed, or upon entry of an order disposing of a timely filed post-trial motion. *Mixon*, 983 S.W.2d at 670. Timeliness of the petition is an essential element of a coram nobis claim. *Clardy*, 691 S.W.3d at 401 (citation omitted). The one-year statute of limitations may, however, be tolled on due process grounds if the petitioner seeks relief based upon newly discovered evidence of actual innocence. *Nunley*, 552 S.W.3d at 828-29 (citation omitted). "If a petition for a writ of error coram nobis fails to show on its face either that it has been timely filed in accordance with Tennessee Code section 27-7-103 or specific facts showing why the petitioner is entitled to equitable tolling of the statute of limitations, the trial court is within its discretion to summarily dismiss it." *Id.* at 829. "[T]he coram nobis statute of limitations may be tolled only if the petitioner produces newly discovered evidence that would, if true, establish clearly and convincingly that the

petitioner is actually innocent of the underlying crime of which he was convicted." *Clardy*, 691 S.W.3d at 407. Although the decision to grant or deny coram nobis relief rests within the sound discretion of the trial court, *see Vasques*, 221 S.W.3d at 527-28, "[w]hether due process considerations require tolling of a statute of limitations is a mixed question of law and fact, which we review de novo with no presumption of correctness." *Nunley*, 552 S.W.3d at 830 (citation omitted).

Here, the Petitioner filed his pro se coram nobis petition, and consequently his second amended coram nobis petition, well-outside the one-year statute of limitations. As noted by the State at oral arguments and in its brief, Tennessee Rule of Evidence 606(b) provides:

> Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon any juror's mind or emotions as influencing that juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes, except that a juror may testify on the question of whether extraneous prejudicial information was improperly brought to the jury's attention, whether any outside influence was improperly brought to bear upon any juror, or whether the jurors agreed in advance to be bound by a quotient or gambling verdict without further discussion; nor may a juror's affidavit or evidence of any statement by the juror concerning a matter about which the juror would be precluded from testifying be received for these purposes.

Although Tennessee Rule of Evidence 606(b) does not prohibit evidence of extraneous prejudicial information during jury deliberations, the Rule prohibits evidence concerning the effect of the improper information on the jurors' minds. Accordingly, the coram nobis court could not consider the statements in Mr. Cagle's affidavit regarding the effect of the court officer's statements on jury deliberations. Given that Mr. Cagle's statements were the crux of the Petitioner's claim of newly discovered evidence of actual innocence for first degree premeditated murder, the Petitioner was not entitled to tolling of the statute of limitations.

Furthermore, Mr. Cagle's affidavit, in which he alleged that the jury had been exposed to extraneous prejudicial information, is more appropriately characterized as a constitutional violation of the Petitioner's right to a fair and impartial jury. *See State v. Leath*, 461 S.W.3d 73, 110-11 (Tenn. Crim. App. 2013). A writ of error coram nobis is not the appropriate procedural mechanism for obtaining relief on a constitutional violation. *See Nunley*, 552 S.W.3d at 819, 829 n.22. Instead, such claims must be raised on post-conviction. *Id*. The evidence also "does not qualify as substantive admissible evidence

that 'may have resulted in a different judgment, had it been presented at the trial.'" *Id.* at 831 (quoting Tenn. Code Ann. § 40-26-105(b)).[2]  Therefore, we affirm the coram nobis court's summary dismissal of the second amended petition for coram nobis relief.

## CONCLUSION

Based upon the oral arguments and our review of the record and the parties' briefs, we affirm the judgment of the coram nobis court.

s/JOHN W. CAMPBELL

JOHN W. CAMPBELL, SR., JUDGE

---

[2] We note that in its brief, the State cites *Smith v. State*, No. M2020-00485-CCA-R3-ECN, 2020 WL 5870566, at *6 (Tenn. Crim. App. Oct. 2, 2020), *perm. app. denied* (Tenn. Dec. 3, 2020), as authority for this proposition.  However, our supreme court designated *Smith* "Not for Citation."  Pursuant to Rule 4(E)(1), Rules of the Supreme Court of Tennessee, opinions designated not for citation have no precedential value.